STATE of Wisconsin, Plaintiff-Respondent,†

v.

Jay A. JANSEN, Defendant-Appellant.

Court of Appeals

*No. 95–0323–CR. Submitted on briefs November 20, 1995.—Decided December 20, 1995.*

(Also reported in 543 N.W.2d 552.)

† Petition to review dismissed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Waring R. Fincke* of *Dvorak & Fincke, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Mary V. Bowman,* assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

BROWN, J.   Jay A. Jansen contends that the trial court erred in its analysis of his entrapment defense. Although the trial court accepted his claim and acquitted him of the charged offense, it nonetheless found him guilty of a lesser included crime. Jansen argues that once the trial court found entrapment, it was precluded from considering any lesser included charges as a matter of law. We agree and reverse his conviction.

In May 1991, the State charged Jansen on a single count of attempted marijuana possession with intent to deliver. Jansen had purchased about 520 grams from

two undercover officers. This arranged sale followed a year-long investigation by the Washington County Drug Unit.

After lengthy pretrial proceedings, the parties agreed to a bench trial in February 1993. Each submitted briefs and the trial court reviewed the facts within the record.

Jansen presented two theories. First, he argued that the undercover officers entrapped him. In support, he primarily pointed to testimony which showed how the officers had repeatedly tried to buy drugs from him but to no avail. Jansen also argued that the officers alone set the terms of sale, i.e., amount and price, and refused his counter offer to buy less. He claimed that these facts revealed how the officers induced him into breaking the law. *See generally Jacobson v. United States*, 503 U.S. 540, 548-49 (1992).

As an alternative defense, Jansen claimed that the State failed to prove that he intended to deliver the marijuana to others. He challenged the State's evidence on this element which consisted of a reference by Jansen that he could get rid of all 520 grams in just one day. Jansen proposed that his statement was just part of the give and take common to all drug transactions. Therefore, it alone did not show that he intended to buy the drugs with an eye towards future sales.

The trial court accepted Jansen's entrapment argument. Nonetheless, it concluded that the State had established all the elements of simple possession and found Jansen guilty on this lesser included offense. In its decision memorandum, the trial court first reviewed the facts; it then set out its reasoning as follows:

> This drug purchase by the defendant was at all times initiated by the Government agents. They had actively and unrelentingly pursued him to

purchase drugs for a period of at least eight months. Their ingratiating contact with him was for approximately one year. There was no evidence offered by the State that the defendant was predisposed to possessing controlled substances <u>with intent to deliver</u>, or attempting to do so as he is charged in this matter. The Government agents induced him to commit the crime. The only evidence which could reasonably be linked to predisposition was the incident 10 years prior to this transaction, and that is so "stale" that it cannot possibly be accepted as evidence of current predisposition. The burden of showing predisposition is upon the State, beyond a reasonable doubt. See Wisconsin Jury Instruct [sic] 780, and <u>Jacobson v. U.S.</u>, 118 L Ed 2d 2174 (U.S. Supreme Court 1992), <u>U.S. v. Hollingsworth</u>, 1994 WL 236976 (7th Cir. C.A., (IND)), and <u>State v. Saternus</u>, 127 Wis. 2d 460 (S.C. 1986).

. . . .

These agents induced Jansen to purchase the tetrahydrocannabinols and in an amount rigidly demanded by them. There was no State testimony that the amount of tetrahydrocannabinols involved would be consistent with an intent to deliver a controlled substance, i.e. an amount over 500 grams. The Court cannot take judicial notice of such a presumption and believes that it is simply one of the criteria to consider with respect to determining intent. The conclusion that this Court can and does reasonably draw from the actions of the defendant was that he was only interested in personal use and that the State failed to meet its burden of proof to show that he intended to deliver a controlled substance. His mere statement that he could get "rid of it in one day" was directed to its quality, rather than any desire to deliver it. In accordance with the findings of fact of this Court and applying the applicable law, this Court finds that Mr. Jay A. Jansen was

entrapped by the Government into the offense of attempted possession of a controlled substance with intent to deliver. Even if he was not entrapped into that offense, the Court has not been shown, to a degree beyond a reasonable doubt, that he intended to deliver a controlled substance, and therefore, I do find him not guilty of that offense.

However, I do find that he did, beyond a reasonable doubt, commit the crime of possession of a controlled substance, contrary to § 161.41(3), which is a lesser included offense to possession of a controlled substance with intent to deliver.

These passages reveal that the trial court made three findings; first, Jansen was not guilty of possession with intent to deliver because he was entrapped; second, he was not guilty of the same charge because the State had not proven the intent to deliver element; and third, the State had proven that Jansen was guilty of simple possession.

After the verdict was announced, Jansen brought a motion for reconsideration. There he argued that once the trial court made its entrapment finding, it was precluded from considering any lesser included offenses. The motion was denied and Jansen now renews this argument. This issue involves interpretation of the entrapment defense, which is a matter of law. *See State v. Saternus*, 127 Wis. 2d 460, 475, 381 N.W.2d 290, 296-97 (1986). We therefore apply de novo review. *See First Nat'l Leasing Corp. v. City of Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

We begin our analysis with further discussion of the trial court's decision. The above excerpt shows that it accepted Jansen's entrapment defense to a limited extent. The trial court reasoned that the evidence sug-

gesting that Jansen took possession with designs on future sales arose only because of police conduct and therefore found that Jansen's entrapment defense was valid. The court determined that the defense extinguished the "intent to deliver" element. Accordingly, it also agreed with Jansen that the State had not met its burden on this same element.

The trial court, however, did not stop there. It looked at the evidence within the record and concluded that Jansen was nonetheless guilty of the lesser included offense of simple possession. *Compare* § 161.41(1m), STATS., (possession with intent to deliver) *with* § 161.41(3) (simple possession). Here, the trial court seemed to have reasoned that Jansen's interest in obtaining marijuana for personal use did not arise out of police conduct. As it explained in its findings, Jansen admitted to past use. Thus, in essence, the trial court limited Jansen's entrapment defense to the "intent to deliver" element of the charged offense. Indeed, it seems logical that Jansen, an admitted drug user, could have been entrapped into becoming a drug dealer.

■

This plain and simple approach, however, resulted in a verdict that was inconsistent as a matter of law.[1]

---

[1] The State concedes that the trial court returned an inconsistent verdict, but reasons that the simple possession verdict was the trial court's primary ruling and argues:

> The trial court's alternative ruling that Jansen was entrapped as to the greater offense is legally irrelevant. Like an inconsistent verdict rendered by a jury, it simply has no legal effect on the valid verdict which was returned.

The State, however, provides no authority supporting its proposal to simply jettison the trial court's entrapment finding. Moreover, we observe that the excerpt of the ruling set out

The entrapment defense may only be applied when all the elements of the charged offense are established. *Saternus*, 127 Wis. 2d at 468, 381 N.W.2d at 293. As Jansen explains in his briefs, the supreme court's interpretation of the entrapment defense in *State v. Monsoor*, 56 Wis. 2d 689, 203 N.W.2d 20 (1973), therefore precludes a trial court from considering the lesser included charges once it finds entrapment.

■

In *Monsoor*, the court held that a defendant who stood on the entrapment defense could not request instructions on lesser included charges. *Id.* at 696-97, 203 N.W.2d at 23-24. In reaching this conclusion, it observed that before a fact finder is instructed on a lesser included charge, there must be doubt about the accused's guilt on the greater charge. *See id.* at 695, 203 N.W.2d at 23. And because assertion of entrapment requires the accused to admit guilt, consideration of the defense legally precludes the fact finder from looking at any lesser included offenses as there can be no doubt that the defendant fulfilled all the elements of the greater charge. Here, given Jansen's assertion of the entrapment defense, under *Monsoor* a finder of fact could not have been instructed on both the intent to deliver charge and the simple possession charge. We

---

above reveals that the conclusion of the trial court was that "Jay A. Jansen was entrapped by the Government into the offense of attempted possession of a controlled substance with intent to deliver." In a criminal proceeding, we do not see how such a clear statement can be deemed legally "irrelevant." *Cf. State v. Reid*, 166 Wis. 2d 139, 144, 479 N.W.2d 572, 574 (Ct. App. 1991) (once a court has accepted the jury's verdict it cannot order it to redeliberate).

thus hold that the trial court erred when it found him guilty of the lesser charge.[2]

Although we appreciate the trial court's common-sense approach to the facts before it, the face of its decision, through references to WIS J I—CRIMINAL 780 and the *Saternus* decision, nonetheless reveals that the trial court made a finding that Jansen was "entrapped." We must therefore follow *Monsoor* which informs us that it is an all or nothing proposition.[3] Any advancements or modifications in this doctrine must arise in the supreme court. *See State v. Grawien*, 123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985).

In reaching this conclusion, we reject the State's argument that *State v. Sarabia*, 118 Wis. 2d 655, 348 N.W.2d 527 (1984), "implicitly overruled *Monsoor's* unbending approach" and thus supports the trial court's application of the entrapment doctrine. The *Sarabia* decision laid out a special exception to the rule on when lesser included charges may be submitted to

---

[2] In *State v. Monsoor*, 56 Wis. 2d 689, 695, 203 N.W.2d 20, 23 (1973), the court cautioned that:

> a determination of whether an instruction on a lesser included crime should be given to a jury is not solved by merely determining the crime charged includes the lesser offense because juries are not to be given the discretion or freedom to pick and choose what offense the accused should be found guilty of. [Quoted source omitted.]

Although this was a bench trial, once the trial court put on its fact-finding hat, it was bound to consider only the charges that the parties had submitted.

[3] The *Monsoor* court faced another problem with an all or nothing entrapment defense. The defendant claimed that it placed him in the "intolerable" position of having to choose between going for broke on entrapment or compromising with a lesser included charge. *See Monsoor*, 56 Wis. 2d at 696, 203 N.W.2d at 23.

the jury. It provides that a lesser included charge that is contrary to the defendant's exculpatory testimony during the case may nonetheless be submitted if there is other, distinct evidence which supports the lesser charges and acquittal on the greater charge. *See Sarabia*, 118 Wis. 2d at 663, 348 N.W.2d at 532.

The State argues that the *Sarabia* rule should be extended to cover the defendant's submission of entrapment. Just like the jury could have completely rejected Sarabia's exculpatory testimony and thus convicted him of the lesser included charge, the State contends that a fact finder should be able to reject the defendant's "admission" to all the elements of the crime that is coupled with the use of entrapment and convict him or her of a lesser included charge. *See id.* In addition, the State points to evidence in the record, aside from that produced by Jansen, which would support the simple possession conviction.

As explained above, however, we decline to make this or any other extensions to the entrapment defense. Moreover, we observe that the *Sarabia* decision was carefully confined to the problem presented when a defendant's exculpatory testimony is inconsistent with his or her request for a lesser included charge. *See id.* It did not address, nor even hint at in dicta, whether a defendant's claim of entrapment would be the same type of "special situation." *See id.*

To summarize, we reverse Jansen's conviction because the trial court decision reveals an error of law. Although it may not have intended to describe its doubts about the State's evidence with the term "entrapment," the inclusion of this word and supporting citations nonetheless require us to apply the case law as it stands.

*By the Court.*—Judgment reversed.